IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JANIE M. NEEL                                                      PLAINTIFF

v.                                  CIVIL NO. 17-03062

NANCY A. BERRYHILL, Commissioner                     DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Janie M. Neel, brings this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. §405(g).

**I.**      **Procedural Background:**

Plaintiff protectively filed her application for DIB on September 14, 2014, alleging an inability to work since June 10, 2014, due to depression, anxiety, PTSD, back injury, bone fragments in hips, sleep apnea, and hypothyroidism. (Tr. 242-248, 288, 289). Plaintiff meets last insured status through December 31, 2019. (Tr. 39). An administrative hearing was held on April 21, 2016, at which plaintiff appeared with counsel and testified. (Tr. 62-103).

By written decision dated June 3, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe – status post right ankle arthroscopic surgery; cervical, thoracic, and lumbar degenerative disc disease; history of thoracic spine compression fracture; degenerative joint disease; sacroiliitis; obesity;

1

obstructive sleep apnea; chronic pain syndrome; diabetes mellitus; hypertension; hypothyroidism; hip osteoarthritis; gastroesophageal reflux disease; cannabis abuse; depressive disorder; posttraumatic stress disorder; generalized anxiety disorder; and borderline personality disorder. (Tr. 39). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 404.157(a) and 416.967(a), except the claimant can occasionally bend, stoop, kneel, and crouch; never crawl or climb ladders, ropes, or scaffolds; occasional exposure to dust, fumes, smoke, or chemicals; and she can understand, remember, and carry out more than simple instructions and tasks, but no complex instructions or tasks.

(Tr. 44). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff was unable to perform any of her past relevant work, but would be capable of performing work as an informational clerk, general clerk, or order clerk. (Tr. 48-49).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

**II.  Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirex v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v.

2

Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001; see also 42 U.S.C. §423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able

to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20C.F.R. SS404.1520, abrogated on other grounds by Higgens v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R §404.1520.

## III. Discussion:

Plaintiff raises only one issue in this matter: whether the ALJ erred in her RFC determination. Plaintiff argues that the ALJ erred by concluding that despite Plaintiff's physical pain, she could sustain concentration, persistence, and pace sufficient to maintain employment. (Doc. 12, pp. 2-7).

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id. "The ALJ is permitted to base its RFC determination on 'a non-examining physician's opinion *and* other

medical evidence in the record.'" Barrows v. Colvin, Civil No. 13-4087-MWB, 2015 WL 1510159 at *15 (quoting from Willms v. Colvin, Civil No. 12-2871, 2013 WL 6230346 (D. Minn. Dec. 2, 2013).

In the present matter, the ALJ gave little weight to the RFC assessments provided by the state agency medical consultants. (Tr. 47). The RFC assessments provided at the initial and reconsideration levels both provided a higher level of RFC than the ALJ's final determination. (Tr. 44, 110-113, 138-140, 156-158). The ALJ assigned these assessments little weight because evidence received at the hearing level indicated that Plaintiff's additional medically determinable impairments required greater limitations. (Tr. 47). Specifically, Plaintiff testified that she required the use of an ankle brace to prevent swelling; that weight gain contributed to her pain; that she had fatigue and mental impairments; and that she had an improvement of only 50% in her pain after steroid injection treatments. (Tr. 47).

The ALJ gave little weight to the opinions of claimant's counselor, Jan Camp, LPC, LADAD, NCC, and her nurse, Jennifer Lamb, RN, BSN, as their opinions were inconsistent with the objective medical evidence and Plaintiff's reported daily activities. (Tr. 47). Jan Camp opined that there was no possible way Plaintiff could hold a job due to her stress and health problems. (Tr. 47, 604). The ALJ noted that opinion on the question of disability is reserved to the Commissioner, and that Ms. Camp's assertion was inconsistent with her acknowledgement that Plaintiff drove for long periods each day and cared for her children. (Tr. 47, 604). Nurse Lamb opined Plaintiff had intractable pain and her pain issues were debilitating. (Tr. 47, 368). The ALJ held that this was inconsistent with Plaintiff's treatment record, as she had managed her pain through a variety of means including: medication, physical therapy, steroid injections, and visiting the chiropractor. (Tr. 47). The ALJ also noted that

Nurse Lamb was familiar with Plaintiff's condition at her previous place of employment, which required a significant amount of standing. (Tr. 48).

The ALJ carefully examined the medical evidence of record in making the determination to provide greater limitations than those opined by the state agency medical consultants. (Tr. 45-). The ALJ considered Plaintiff's treatment records that showed a history of bilateral hip pain, and her positive response to treatment, in making the determination that she should never crawl or climb ladders, ropes or scaffolds. (TR. 46). She considered Plaintiff's sleep apnea and gastroesophageal reflux disease, as well as her history of benefit with use of CPAP machine and history of internal hemorrhoids in determining that Plaintiff could have only occasional exposure to dust, fumes, smoke or chemicals. (Tr.46). The ALJ considered Plaintiff's BMI of over 33 throughout the record and her diagnosis of obesity, as well as her testimony at the hearing that she had gained weight in determining that a restriction to sedentary work was appropriate. (Tr. 46). The ALJ considered Plaintiff's history of seeking mental health treatment, as well as her counselor's notes of numerous diagnoses and stress due to her living situation and those of her children in determining that Plaintiff could carry out more than simple instructions and tasks, but no complex instructions or tasks. (Tr. 46-47).

Furthermore, the record shows that Plaintiff had a history of back pain and ankle pain. Plaintiff had a history of extensive back problems including sacroiliitis, lumbar intervertebral disc disorder, and lumbosacral spondylosis. (Tr. 427, 582, 584, 638). Her pain necessitated the long-term use of opiates as well as steroid injections. (Tr. 431, 439, 444, 448, 501, 592, 620, 638, 652). Plaintiff also had a history of ankle pain with surgery upon her left ankle to remove a loose body. (Tr. 457).

The Court finds that despite the ALJ's assignment of little weight to all medical opinion evidence provided, her RFC determination was based upon substantial evidence.

**IV.     Conclusion**

Accordingly, having carefully reviewed the record, the Court finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed.  The Plaintiff's Complaint should be, and is hereby, dismissed with prejudice

IT IS SO ORDERED this 20th day of November, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE